**14 CV 7926**

**JUDGE TORRES**

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805
*Attorneys for Plaintiff*

RECEIVED OCT 01 2014 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RENARD CORREA,

                    Plaintiff,

     -against-

THE CITY OF NEW YORK, JESSICA
ALVARADO, ROBERT SIMMS, JAMIE
APOSTOLOU, "CONDITIONS SUPERVISOR",
"COMMANDING OFFICER", JOHN AND JANE
DOES, 1-10, ET AL.,

                    Defendants.
----------------------------------------------------------------x

**COMPLAINT**

Plaintiff RENARD CORREA (hereinafter "Plaintiff") by and through his attorneys, Vik Pawar, Esq., and Robert Blossner, Esq., respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for reform, injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and was at all relevant time a resident in the County of Bronx, State of New York.

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant New York City Police Department (hereinafter "NYPD") is an agency that is controlled and operated by the City and is duly organized and formed by defendant City under and by virtue of the laws of the State of New York.

9. The named and yet to be identified individual defendants were and are employees of defendant City and other government entities and are sued in their individual and official capacities and are alleged to have acted under the color of state law.

## FACTS

10. On November August 24, 2012, plaintiff and his brother drove to the Port Morris Wellness Center, Bronx, New York to pick-up their prescribed medications (methadone).

11. The Port Morris Wellness Center is a part of Albert Einstein School of Medicine and is one of the largest program in the state of New York to assist people with rehabilitation.

12. After plaintiff and his brother picked up their respective medication, they exited the Center. Plaintiff went to go pick up his car while his brother waited outside the Center.

13. After plaintiff's brother got into his car, an unmarked van pulled right in front of the entrance of the Center where the car was parked and undercover officers got out of the van and drew guns upon plaintiff and his brother.

14. When plaintiff and his brother inquired why they were being seized, they were cursed and yelled at.

15. Plaintiff and his brother were then taken to the local precinct and charged with criminal possession of a controlled substance (methadone) even though their names were on the bottles and they had a valid prescription for them.

16. At the precinct, plaintiff was forced to endure unnecessary treatment and

humiliation, to wit:

      (a). Plaintiff was fingerprinted,

      (b). Plaintiff was subjected to have his photograph taken as a criminal,

17. Plaintiff was then transported to Central Booking where he, once again, endured such treatment as described in the foregoing paragraph.

18. Plaintiff was held in custody for more than six (6) days until finally arraigned before a Judge and was being informed for the first time that he had been arrested for violating Penal Law 220.03 (criminal possession of a controlled substance).

19. Plaintiff was forced to appear before the Court on four (4) separate dates before the District Attorney finally moved to dismiss the charges because plaintiff had a valid prescription for the medicine (methadone).

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest)

20. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "19" with the same force and effect as if fully set forth herein.

21. There was no probable cause for the initial stop, nor for the arrest or the continued incarceration and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

22. As a result of the aforementioned conduct of defendants, Plaintiff's constitutional right to be free from unreasonable search and seizure was violated and he sustained injuries thereby.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24. The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

25. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. Defendants by filing false charges against plaintiff knew that plaintiff would have to endure numerous court appearances, hire an attorney and yet defendants arrested him when they could have simply checked the name on the methadone bottle and confirmed that plaintiff has a valid prescription.

28. As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(First Amendment)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. In addition, plaintiff had a first amendment right to be free from individual defendants intruding upon him by unlawfully and wrongfully arresting him for medication that was properly prescribed to him.

31. Plaintiff was stopped for no apparent reason and without probable cause.

32. Plaintiff was not issued a traffic violation ticket and there was no reason for the unnecessary intrusion into his privacy for the aforementioned conduct.

33. Plaintiff's right to privacy with respect to his medical condition was violated.

34. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR THE FIFTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting individuals who have a valid prescription for a medication simply to generate arrests and quotas. The individual defendants work at a command where such false arrests for controlled substance is endemic and the defendants continue to arrest individuals to increase their arrests even though individuals have a valid prescription.

38. In addition, it is the practice and custom of the defendants to wait outside methadone clinics to arrest people for unlawful possession of a controlled substance, even though the people arrested have a valid prescription. Furthermore, there is a custom of transporting prisoners and lack of policy regarding transportation of prisoners that results in unnecessarily inhumane conditions. The ongoing customs and lack of policy also encourages violations of prisoners right to privacy.

39. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

40. As a result of this conduct and through discovery, it will be established that the City of New York is liable under *Monell* in that the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees which was the moving force behind the violation of Plaintiff rights as described herein

41. Although each new arrestee is to be brought before a desk supervisory officer at the Precinct of arrest who is to review for accuracy and propriety the charges, evidence, and prospective defendant. In the instant matter there was a purposeful and intentional avoidance of supervisory responsibility in that senior officers acquiesced or turned a blind eye to simply view and observe the evidence produced by a junior member of the force. This practice and custom of the defendants is common otherwise plaintiff would have not been arrested for possession of a prescribed medication and thus was the moving force behind the violation of his civil rights.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Conspiracy under Section 1985)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants conspired with each other to arrest plaintiff and increase their arrest quotas and overtime. Defendants also conspired with one another to incriminate plaintiff, justify their arrest and cover-up their unlawful arrest.

44. As a result of defendants' conduct, Plaintiff has suffered physical pain and

mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Cruel and Inhumane Punishment under the Eighth Amendment)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Plaintiff was handcuffed and transported in a van that was filled to capacity. Plaintiff was further without any seat-belts and handcuffed and was subjected to a horrendous transportation from the scene of the arrest to the precinct. In addition, plaintiff was deprived of his medication for nearly six (6) days and as such subjected him to cruel and inhumane conditions.

47. As a result of this, plaintiff's rights were violated.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Right to a Fair Trial)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants fabricated and manipulated the evidence to deny plaintiff a fair trial and as a result it forced plaintiff to appear in Court numerous times before the charges against him were dismissed

50. As a result of this conduct, plaintiff's rights were violated.

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
September 15, 2014

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Robert Blossner, Esq. (RB0526)
Vik Pawar, Esq. (VP9101)
*Attorneys for Plaintiff*